UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BONUTTI SKELETAL INNOVATIONS LLC,

    Plaintiff,

v.                                                            Case No.  6:12-cv-1379-ORL-22TBS

LINVATEC CORPORATION AND CONMED
CORPORATION,

    Defendants.
_____/

## ORDER

This case is before the Court without oral argument on Defendant Linvatec's Motion to Compel Plaintiff to Provide a Complete Answer to Interrogatory No. 16 (Doc. 81). Bonutti has filed its opposition to the motion (Doc. 93), and the dispute is ripe for resolution.

Plaintiff Bonutti Skeletal Innovations LLC brings this patent infringement action based upon Defendants ConMed Corporation and its wholly-owned subsidiary, Linvatec Corporation's alleged infringement of 9 patents directed to improved suture anchors, devices for inserting suture anchors, and surgical techniques to improve suture retention and the speed of surgery. (Doc. 83, p. 5-6). Bonutti alleges 134 separate claims of infringement. (Doc. 95, p. 7). ConMed and Linvatec have answered and counterclaimed for declaratory judgments of non-infringement and invalidity of the patents-in-suit. (Doc. 52).

The parties have filed their claim construction briefs and the claim construction hearing is currently scheduled for January 24, 2014. (Docs. 44, 83, 95). May 23,

2014 is the deadline for the completion of fact discovery.  The party bearing the burden of proof on an issue must disclose its expert reports by June 27, 2014, and rebuttal expert reports are due by July 25, 2014.  (Doc. 44).  The deadline for dispositive and Daubert motions is October 3, 2014.  (Id.).

On October 17, 2013, Linvatec propounded Interrogatory No. 16 asking Bonutti to:

> Identify all factual and legal bases to support, on a claim-by-claim and limitation-by-limitation basis, Your contention, if any, that the asserted claims of the Patents-in-Suit are not invalid. Your answer should identify what specific element(s) You contend are required by the asserted claims of the Patents-in-Suit but are not disclosed or taught by the Prior Art identified in Defendants' Invalidity Contentions (including an explanation of what you believe the Prior Art discloses instead of any missing element(s)). Your answer should also identify which, if any, of the items of Prior Art identified in Defendant's Invalidity Contentions, You contend are not Prior Art to the Patents-in-Suit, and you should identify all evidence (including persons) that You rely on in support of your contention.

(Doc. 82-1).

Bonutti's November 21, 2013 answer states:

> In addition to and without waiver of the General Objections, which are fully incorporated here to the extent applicable, Bonutti Skeletal objects to this  Interrogatory to the extent it seeks disclosure of attorney-client communications and attorney-work product, and/or confidential information. Bonutti Skeletal also objects to this Interrogatory as being overbroad and unduly burdensome at least for the reasons that it seeks "all factual and legal bases" and "all evidence." Bonutti Skeletal objects to this Interrogatory as vague and ambiguous at least to the extent it seeks "an explanation of what you believe the Prior Art discloses instead of any missing element(s)." Bonutti Skeletal also objects to this Interrogatory as being premature and properly the subject of expert discovery. Bonutti Skeletal also objects to this Interrogatory as being premature because the Court has not yet issued a claim construction order. Bonutti Skeletal also objects to this Interrogatory

>   because it is the subject of ongoing discovery, including potential
>   third-party discovery regarding third party products alleged by
>   Defendants to be prior art.

(Doc. 81, p. 3).

Counsel met and conferred, but were unable to resolve Bonutti's objections. (Id., p. 8-9). Now, Linvatec seeks a Court order compelling Bonutti to answer Interrogatory No. 16 fully and specifically. (Id.).

"The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." Oliver v. City of Orlando, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227 * 2 (M.D. Fla. Oct. 31, 2007) (citing United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958)). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. S.L. Sakansky & Associates, Inc. v. Allied American Adjusting Co. of Florida, LLC, No. 3:05-cv-708-J-32MCR, 2007 WL 2010860, *1 (M.D. Fla. Jul. 6, 2007).

Under Federal Rule of Civil Procedure 33, any party can serve on any other party written interrogatories pertaining to matters within the scope of Fed. R. Civ. P. 26(b). The scope of discovery under Rule 26(b) is broad and includes "discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action." Hickman v. Taylor, 329 U.S. 495, 507-08, 67 S.Ct. 385, 91 L.Ed. 451 (1947). "The obvious and overall purpose of discovery under

the Federal Rules is to require the disclosure of all relevant information, so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." Busch Ranch, Inc. v. E.I. Du Pont De Nemours and Co., 918 F.Supp. 1524, 1542 (M.D. Ga. 1995) rev'd on other grounds, 99 F.3d 363 (11th Cir. 1996).

The party upon whom interrogatories are served has 30 days to respond, either by filing answers or objections to the interrogatories. Fed. R. Civ. P. 33(b). If the party propounding the interrogatories does not receive a response, then it may request an order compelling disclosure. Fed. R. Civ. P. 37(a). The party resisting discovery carries the burden to show specifically how the objected-to request is unreasonable or otherwise unduly burdensome. See Fed. R. Civ. P. 33(b)(4); Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985); Gober v. City of Leesburg, 197 F.R.D. 519, 521 (M.D. Fla. 2000). Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir.1984).

Interrogatory No. 16 is what is commonly known as a contention interrogatory. Contention interrogatories may ask a party to state what it contends, or to provide all the facts on which it bases it contentions, or to identify all the evidence on which it bases its contentions, or to explain how the law applies to the facts of the case. See Monsanto Co. v. E.I. Du Pont De Nemours and Co., No. 4:09-cv-686 ERW, 2012 WL 27936 * 2 (E.D. Mo. Jan. 5, 2012). "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of

law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2).

The Federal Circuit has observed that contention interrogatories are "useful in narrowing and sharpening the issues, which is a major purpose of discovery," and they allow parties to "pin down [the other's] theories of liability [and] theories of defense, thus confining discovery and trial preparation to information that is pertinent to the theories of the case." O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1365 (Fed. Cir. 2006) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)). When they are used correctly, contention interrogatories are "useful in narrowing and sharpening the issues." Hendricks v. Mirabilis Ventures, Inc., No. 3:07-cv-661-T-17EAJ, 2008 WL 423566 * 1 (M.D. Fla. Feb. 13, 2008).

Still, the Middle District Discovery handbook cautions that:

> Interrogatories that generally require the responding party to state the basis of particular claims, defenses, or contentions in pleadings or other documents should be used sparingly and, if used, should be designed (1) to target claims, defenses, or contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims, defenses, and contentions. Interrogatories that purport to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive.

Middle District Discovery (2001) at 16.

Linvatec argues that it properly propounded Interrogatory No. 16 to clarify Bonutti's position on the validity of the asserted claims. Linvatec maintains that this information is needed now, to assist the Court in making claim constructions that

will better posture the case for summary judgment, and so that Linvatec can respond to Bonutti's contentions during the process of claim construction. Linvatec reasons that compelling Bonutti to answer Interrogatory No. 16 now, in advance of the upcoming claim construction hearing, "will allow the Court to adjust its constructions to more fully address the disputes between the parties, thus placing the parties in a better position for summary judgment." (Doc. 81, p. 1).

Bonutti argues that the procedure proposed by Linvatec is backwards. It asserts that validity analysis is not a regular part of claims construction, that claims construction should occur first, and then the parties should analyze the invalidity claims. Bonutti posits that Linvatec is attempting to create an artificial sense of urgency by conflating claims construction with an early motion for summary judgment on the issues of invalidity and non-infringement. It argues that its answer to Interrogatory No. 16 is premature until Linvatec narrows the 156 prior art references it has identified. Bonutti suggests that as this litigation progresses, the list of prior art references Linvatec asserts will narrow, thereby reducing its burden in answering the interrogatory. It also says that once it receives Linvatec's expert witness report on invalidity, that report will almost certainly alter how it analyzes Linvatec's positions. For these reasons, Bonutti argues that if it is compelled to answer Interrogatory No. 16 now, it will be required to address references to prior art that in the future, will cease to be an issue, and that it will have to revise its answers after expert witness reports are exchanged.

The Court is persuaded that Bonutti's answer to Interrogatory No. 16 is not

required for claims construction.  Patent claims are interpreted in view of the intrinsic evidence including claim language, specification, and prosecution history. Phillips v. AWH Corp., 415 F.3d 1303, 1313-14, 1320-21 (Fed. Cir. 2005) (en banc).  As the Phillips court observed, "we have certainly not endorsed a regime in which validity analysis is a regular component of claim construction." Id. at 1327. Here, the Court finds no good reason why a statement of the legal and factual bases for Bonutti's contention that the patents-in-suit are not invalid is required prior to claim construction.

The Court also finds that at this stage of the litigation, Interrogatory No. 16 is premature, oppressive and overbroad.  The interrogatory does not target specific claims Linvatec believes are unclear, or which might be subject to early resolution. Instead, it is all-encompassing.  Interrogatory No. 16 is precisely the sort of contention interrogatory discouraged by the Middle District Discovery handbook.  It asks Bonutti to provide a detailed explanation of a substantial part of its case before expert discovery on these issues has taken place.  Once the expert opinions on invalidity are disclosed and analyzed, the invalidity issues may well narrow and change.  Accordingly, requiring Bonutti to answer Interrogatory No. 16 now is likely to result in a waste of time and resources.  With the benefit of the expert witness opinions, Bonutti should be able to more efficiently and meaningfully answer the interrogatory. See  IP Innovation, LLC et al. v. Sharp Corp., 219 F.R.D. 427, 429-30 (N.D. Ill. 2003), Tel-Tron Technologies Corp. v. Stanley Security Solutions, Inc., No. 6:11-cv-1448-Orl-26TBS, 2012 WL 3522659 * 2-3 (M.D. Fla. Aug. 14, 2012);

Carson Optical, Inc. v. Prym Consumer USA, Inc., No. CV 11-3677(SJF)(ARL), 2012 WL 7997611 * 1 (E.D.N.Y. Sept. 7, 2012); Monsanto Co. v. E.I. Du Pont De Nemours and Co., No. 4:09-cv-686-ERW, 2012 WL 27936 * 2 (E.D. Mo., Jan. 5, 2012); Martin Marietta Materials, Inc. v. Bedford Reinforced Plastics, Inc., No. 3:2003-57, 2007 WL 1300772 * 4 (W.D. Pa. May 2, 2007).  In the meantime, Linvatec, can, if it wishes, file an early motion for summary judgment and put the burden on Bonutti to respond.

For these reasons, Defendant Linvatec's Motion to Compel Plaintiff to Provide a Complete Answer to Interrogatory No. 16 (Doc. 81) is DENIED without prejudice to its reassertion no sooner than thirty days after the parties have disclosed all of their expert witness reports on invalidity.

DONE AND ORDERED in Orlando, Florida, on January 16, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel